UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **JOE FLORES**, an individual, and **CONSUELO FLORES**, as court-appointed conservator and guardian of JOE FLORES, as individuals and on behalf of all others similarly situated,<br><br>            *Plaintiffs*,<br><br>v.<br><br>**UNITED STATES OF AMERICA**, **UNITED STATES DEPARTMENT OF DEFENSE**, **TRICARE MANAGEMENT ACTIVITY**, and **LEON E. PANETTA**,<br><br>            *Defendants*. | Case No. 2:11-CV-12119-AC-MKM<br>Hon. Avern Cohn<br>Magistrate Judge Mona K. Majzoub |

## REMAND ORDER

**WHEREAS**, this matter is remanded to TRICARE Management Activity ("TMA") according to the terms and conditions stated in this Order.

**WHEREAS**, TMA will upon remand select a physician to review Plaintiff Joe Flores's medical records related to the skilled nursing facility ("SNF") claims at issue and conduct a physical examination of Mr. Flores pursuant to 32 C.F.R. § 199.4(a)(6).

**WHEREAS**, TMA's selected physician will review the care allegedly provided to Mr. Flores (1) during the period from November 1, 2009 through December 31, 2009, and (2) during the period from January 1, 2010 through March 31, 2012.

**WHEREAS**, Plaintiffs recognize that if Crestmont Nursing Center ("Crestmont") has not submitted an appropriate claim for reimbursement under 32 C.F.R. § 199.7 for a given time period, no payment can be made for that time period until a claim is submitted according to 32

C.F.R. § 199.7 and this Order.  In processing the claims for reimbursement, TMA will, in accordance with TMA practice, within a reasonable time alert Plaintiffs and Crestmont and advise them of what must be done to correct any deficiency in and perfect any claim.  It remains the responsibility of Mr. Flores (or Crestmont, acting on behalf of Mr. Flores) to perfect a claim, as provided in 32 C.F.R. § 199.7(a)(3), and nothing in this provision alters that burden.

**WHEREAS**, TMA has determined that it will, upon remand, reconsider the claim previously submitted by Crestmont for Mr. Flores for the period of November 1, 2009 through December 31, 2009 and consider all claims that are appropriately submitted by Crestmont for Mr. Flores for the period of January 1, 2010 through March 31, 2012, notwithstanding any deadline requirement for the filing of claims provided in 32 C.F.R. § 199.4(a)(7), § 199.7(d), or in other agency regulation or guidance.   TMA has not waived any other regulatory requirements pertaining to the claims at issue.

**WHEREAS**, Mr. Flores's family, treating physician, and attorneys may be present for the physical examination.  TMA will provide reasonable advanced notice of the examination date to Plaintiffs allowing for arrangements for attendance to be made.  TMA will use all reasonable efforts to arrange an examination date that is acceptable to Plaintiffs.

**WHEREAS**, the scope and duration of the physical examination will be guided by and be within reasonable standards of medical practice.

**WHEREAS**, for purposes of this Order, Plaintiffs take no position on the physician selected by TMA and Plaintiffs do not waive any right to argue against the appropriateness of TMA's selected physician and/or her findings.

**WHEREAS**, Plaintiffs or Crestmont will bear the cost of producing the medical records described in Paragraph 2 below.

**IT IS ORDERED:**

1. At the conclusion of the physical examination and claims review discussed herein, TMA will render an agency decision regarding whether the alleged SNF care received by Mr. Flores during the period of November 1, 2009 through March 31, 2012 satisfied statutory and regulatory coverage criteria for SNF care, including (a) whether the services at issue represent custodial care, or otherwise not medically necessary and appropriate care, excluded from TRICARE coverage under applicable statutory and regulatory authority, or (b) whether all or some of the services are otherwise eligible for TRICARE cost-sharing.  TMA's agency decision will make these determinations notwithstanding whether TMA also finds that coverage for any of the alleged SNF care or services is precluded for a different reason, including, but not limited to, the absence of a qualifying hospital stay as provided in 32 C.F.R. § 199.4(b)(3)(xiv).

2. Plaintiffs (or Crestmont, at Plaintiffs' direction) will produce to TMA or its selected physician, in advance of the physical examination of Mr. Flores, the following medical records maintained by Crestmont:

   a. Nursing care orders/cardex (created from January 1, 2012 to March 31, 2012);

   b. Medication orders/cardex (created from January 1, 2012 to March 31, 2012);

   c. Nursing notes (created from January 1, 2012 to March 31, 2012);

   d. Medical doctor notes (created from January 1, 2012 to March 31, 2012);

   e. Therapy notes (created from January 1, 2012 to March 31, 2012);

   f. History and physician assessment (the most recent assessment completed as of March 31, 2012); and

   g. All medical records of Mr. Flores created from November 1, 2009 through March 31, 2012, including, but not limited to, documents containing the following information, if in existence:

    i. Discharge summary from acute care stay (if applicable to the specified period);

    ii. Admission history and physical from hospital (if applicable to the specified period);

    iii. Physician's orders and progress notes;

    iv. Medication administration records;

    v. Treatment administrative records;

    vi. Daily narrative nurses' notes and minimum data set assessments for skilled care;

    vii. Physical, occupational, speech and respiratory therapy evaluations, logs and progress notes; and

    viii. Wound care notes (including measurement and treatment).

3. The physical examination will occur within 30 days of the date that Plaintiffs (or Crestmont, at Plaintiffs' direction) produce to TMA the medical records described in Paragraph 2 above. TMA's selected physician will submit her report to TMA within 30 days of the date of the completion of the physical examination of Mr. Flores. TMA will then issue its agency decision within 30 days of the date that TMA's selected physician submits her report to TMA.

4. Plaintiffs will take appropriate action to cause Crestmont to submit reimbursement claim forms to TRICARE for Mr. Flores's care for the period of January 1, 2010 through March 31, 2012.

                                                **IT IS SO ORDERED.**

                                                s/Avern Cohn  
                                                HON. AVERN COHN  
                                                United States District Judge

Dated: April 05, 2012

**Stipulated and agreed:**

/s/ Brian M. Saxe
Brian M. Saxe (MI - P70046)
MANTESE HONIGMAN ROSSMAN
AND WILLIAMSON, P.C.
1361 E. Big Beaver Road
Troy, MI 48083
(248) 457-9200
bsaxe@manteselaw.com

/s/ Paul G. Freeborne
Paul G. Freeborne
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
Post Office Box 883
Washington, DC 20044
(202) 353-0543
paul.freeborne@usdoj.gov

Dated: April 4, 2012